# EXHIBIT A

# SETTLEMENT AGREEMENT, RELEASE OF CLAIMS, AND COVENANT NOT TO SUE

This Settlement Agreement, Release of Claims, and Covenant Not to Sue ("Agreement") is made by and between Berenice Isabel Angeles Gonzalez ("Ms. Angeles Gonzalez"), Silvia Araceli Gomez Lopez ("Ms. Gomez Lopez"), Maritza Perez Ovando ("Ms. Perez Ovando"), and Ariel Santiago Garcia ("Mr. Santiago Garcia"), (collectively, "the Employees"), and Rafael Barajas ("Mr. Barajas"). The Employees and Mr. Barajas are collectively referred to hereinafter as the "Parties."

**WHEREAS**, the Employees have asserted claims in a complaint filed in the United States District Court for Northern District of Florida, *Perez Ovando v. Barajas*, Case No. 5:19-cv-464, ("the Lawsuit"), including claims under the Fair Labor Standards Act, the Trafficking Victims Protection Reauthorization Act, and their H-2A employment contracts, arising out of their employment with Mr. Barajas during the 2018 vegetable harvest in and near Flomaton, Alabama, and McDavid, Florida, and described in greater detail in Alabama job order 2385641 (ETA case number H-300-18071-638022);

**WHEREAS**, Ms. Gomez Lopez and Ms. Perez Ovando have filed charges of discrimination against Mr. Barajas with the Equal Employment Opportunity Commission ("EEOC"), charge numbers 420-2019-01613 and 420-2019-01612, respectively;

**WHEREAS**, the Parties reached a mutual agreement to settle all claims and

resolve finally and forever all differences between them as set forth herein;

**WHEREAS**, as stated above the Parties desire to compromise, settle, fully release, and discharge any and all claims and allegations in the Lawsuit and arising out of 2018 employment with Mr. Barajas' agricultural labor crew, excluding only any claims arising under workers' compensation laws;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, and agreements set forth below, the adequacy and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.  **Settlement.** Following execution of this Agreement and as specified below, Mr. Barajas shall pay to the Employees the total sum of Thirty-Thousand Dollars ($30,000.00) ("Settlement Payment"), together with the other consideration contained herein, as full and final settlement of the Employees' claims as alleged in the Lawsuit and arising out of their employment by Mr. Barajas in 2018, excluding only claims, if any, arising under workers' compensation laws. No later than ten days following the Court's approval of this Agreement executed by the Parties as provided herein, Mr. Barajas shall complete the Settlement Payment as set forth in Paragraphs 2 and 5 below.

2.  **Distribution of settlement proceeds.** The $30,000.00 Settlement Payment referred to in Paragraph 1 is to be distributed as follows:

| | |
|---|---|
| Berenice Isabel Angeles Gonzalez | $8,941.95 |
| Silvia Araceli Gomez Lopez | $6,603.43 |
| Maritza Perez Ovando | $9,741.32 |
| Ariel Santiago Garcia | $3,781.59 |
| Texas RioGrande Legal Aid | $931.71 |

Ms. Gomez Lopez will be permitted to keep the payment she previously received for $3,431.70 in minimum wages under the Florida Minimum Wage Act (FMWA). Checks that Mr. Barajas made out to the other three Employees pursuant to the FMWA Notice will be returned to Mr. Barajas or destroyed.

3. **Allocation of Settlement Payments Among Claims.** Of the $30,000.00 total Settlement Payment to be paid to the Employees pursuant to Paragraphs 1 and 2, the Parties agree that the Settlement Payment will be allocated among wage and non-wage amounts as follows:

| Plaintiff | Wage claims | Non-wage claims | Total |
|---|---|---|---|
| Berenice Isabel Angeles Gonzalez | $5,023.25 | $3,918.70 | $8,941.95 |
| Silvia Araceli Gomez Lopez | $2,456.61 | $4,146.82 | $6,603.43 |
| Maritza Perez Ovando | $4,719.87 | $5,021.45 | $9,741.32 |
| Ariel Santiago Garcia | $3,419.23 | $362.36 | $3,781.59 |

| Texas RioGrande Legal Aid | | $931.71 | $931.71 |

The Parties agree that having sought and obtained advice of counsel of their choice as set forth below and after informal presentation to such counsel of records of hours worked and payments, the amounts shown above constitute full, fair, and complete payment of all allegedly unpaid wages due to the Employees, including minimum wages due under the Fair Labor Standards Act, considering disputed facts, with regard to their employment with Mr. Barajas during 2018. As referenced above, these figures are derived from contemporaneous notes maintained by the Employees and an analysis of Mr. Barajas' payroll records. The parties understand that Mr. Barajas disputes the Employees' claims of previously unpaid wages, and they are agreed that the Employees withdraw and now and hereafter assert no claim for liquidated damages. The remaining moneys due to be paid to the Employees are in satisfaction of the Employees' other claims arising out of their employment with Mr. Barajas in this action, including claims for alleged breach of contract, for alleged violations of the Trafficking Victims Protection Reauthorization Act, and for alleged violations of Title VII of the Civil Rights Act of 1964, and all other Federal and State laws, regulations, common law principles, and bases upon which they might assert claims.

4.    **Taxes.** The monetary amounts set out in Paragraphs 1, 2, and 3 shall be paid in full as provided in this Agreement. The Parties agree that they shall bear their

own responsibility for any tax-related obligations that may arise from the Settlement Payment.

5. **Payment of Settlement Proceeds.** Mr. Barajas shall transmit the Settlement Payment described in Paragraphs 1 and 2 directly to the Employees and to Texas RioGrande Legal Aid no later than ten days following Court approval of the Agreement in the following manner:

    a. Payment of settlement funds will be delivered to Ms. Angeles Gonzalez, Mr. Santiago Garcia, and Ms. Perez Ovando via wire transfer to their bank accounts or other electronic money transfer service (such as Western Union), as specifically directed by the Employees. The Employees will provide the individual information for completing the electronic money transfers when the Court approves this Agreement. Defendant will bear the cost of any electronic transfer fees or charges and will provide the Employees' counsel with timely documentary proof of the electronic transfer and amount, as well as any security codes required to retrieve the funds.

    b. Payment of settlement funds will be delivered to Ms. Gomez Lopez via check made out in her name and mailed to the Employees' counsel.

    c. Payment of settlement funds for costs and attorney's fees will be made out to "Texas RioGrande Legal Aid" and mailed to the Employees' counsel.

Mr. Barajas will be responsible for and bear any costs associated with ensuring that the Settlement Payment to each of the Employees is completed successfully. Each

Employee agrees to cooperate with Mr. Barajas and the bank or other transfer agent who holds money for such person to establish through government-issued identity documents that he or she is the intended recipient of such money.

6.  **Costs and Attorney's Fees.** The Parties agree to bear their own respective costs and attorney's fees, except as otherwise provided for in this Agreement.

7.  **Reports to State Department, Homeland Security and/or Consular Officials.** Mr. Barajas will provide the Employees' counsel with copies of any documentation he sent to any government agency (such as the United States Department of State, the United States Department of Homeland Security, a United States consulate, United States Citizenship and Immigration Services, or the United States Department of Labor National Processing Center) regarding the Employees' end of employment with him. Mr. Barajas agrees that if he receives any inquiry regarding the performance of duties or completion of employment of any of the Employees from an employee of any such government agency, he will solely provide information consistent with the documents submitted to the aforementioned government agencies.

8.  **Dismissal and/or Withdrawal of EEOC charges.** In consideration of Mr. Barajas' performance of the actions described herein, Ms. Gomez Lopez and Ms. Perez Ovando will each provide counsel for Mr. Barajas with a duly executed EEOC Form 154 to notify the Equal Employment Opportunity Commission (EEOC) of their desire to withdraw or otherwise have their charges filed with the EEOC

regarding Mr. Barajas dismissed with no demands or other adverse action taken by the EEOC against Mr. Barajas based on such charges. Ms. Gomez Lopez and Ms. Perez Ovando authorize counsel for Mr. Barajas to direct their counsel to file such request that their EEOC charges be withdrawn as provided herein within ten days after Mr. Barajas tenders payment and each Employee confirms that the monies have been received and fully cleared.

9. **Full and Final Release of Claims Against Barajas.** As set forth in this Agreement, as consideration for Barajas' performance of all the actions set forth herein, the Employees, for themselves and for their personal representatives, heirs, successors, and assigns, if any, fully, completely, irrevocably, and unconditionally release and forever discharge Mr. Barajas from any and all claims arising out of their employment with him in 2018, including all claims alleged in the Lawsuit, excluding only claims arising under workers' compensation laws, if any. The Employees agree to dismiss the Lawsuit within ten days after all Employees receive their Settlement Payment and confirm that the full Settlement Payment amounts have cleared.

10. **Failure to Consummate This Settlement Agreement.** If the settlement contemplated herein is not consummated because of Mr. Barajas' default in his Settlement Payment obligations under Paragraphs 1, 2, or 5, and said default remains uncured for a period of 30 days after written notice to Mr. Barajas' counsel, then the waiver and release provisions contained herein shall be considered inoperable because of failure of consideration and the Employees shall be free to seek relief in any court of

competent jurisdiction against Mr. Barajas and any co- or joint employers with respect to any and all claims the Employees may have arising from their employment with Mr. Barajas during 2018.

11.     **Bankruptcy Filing.** Mr. Barajas agrees that he will not file for protection under the bankruptcy laws within 90 days of his payment to the Employees of the amounts set forth in Paragraphs 1 and 2. By executing this Agreement, Mr. Barajas affirmatively represents to the Employees that he has or will be able to obtain sufficient funds to pay the Settlement Payments set forth in Paragraph 1, and Mr. Barajas acknowledges that, in entering into this Agreement, the Employees are relying on his agreement as provided for herein not to file for bankruptcy protection and on his representation that he has or will obtain sufficient funds to pay said Settlement Payment as required by Paragraphs 1 and 2.

12.     **Notices.** Any notice or other communication required hereunder, including notices of default as contemplated by Paragraph 11, shall be given in writing by mail, facsimile transmission, or electronic mail and addressed as set forth below.

a.     In the case of notice to Employers, to both:

    Dana Gallup

        Email:     dgallup@gallup-law.com

    Jacob Auerbach

        Email:     jauerbach@gallup-law.com

        4000 Hollywood Boulevard, Suite 265 South

        Hollywood, Florida 33021

        Telephone:   (954) 894-3035

b.     In the case of notice to the Employees, to both:

        Gregory S. Schell

        Email:   gschell@trla.org

        Caitlin Berberich

        E-mail:   cberberich@trla.org

        Southern Migrant Legal Services

        311 Plus Park Boulevard, Suite 135

        Nashville, Tennessee 37217

        Telephone:   (615) 538-0725

        Facsimile:   (615) 366-3349

Such notices or other communications shall be deemed received on the third business day following the date of transmission by facsimile or electronic mail receipt of which by the computer of the intended recipient shall be tracked, or on the third business day following the date of mailing if sent by a courier deliver service.

    13.    **Offer of Compromise.**  The Parties agree that this Agreement is made in the interest of anticipating and fully and forever compromising, settling, and resolving claims asserted by the Employees given disputed facts. Nothing contained in this Agreement shall constitute any acknowledgment or admission of liability by any

Party. The Parties agree that this Agreement is tendered with the intent to compromise and settle the claims as described herein between the Parties.

**14.** **Choice of Law.** This Agreement shall be governed by the laws of the State of Florida and the United States of America and shall bind the Parties thereto and their respective heirs, estates, successors, assigns, attorneys, and representatives, and all other persons or entities in privy with them.

**15.** **Severability.** The provisions of this Agreement are severable, and if any part thereof is found to be invalid or unenforceable, the Parties shall use their best efforts to substitute a valid, legal, and enforceable provision that, insofar as practicable, implements the purposes of this Agreement. Any failure to enforce any provision of this Agreement shall not constitute a waiver thereof, or of any other provision, so long as the purpose of this Agreement to resolve all claims, except claims under the workers' compensation law, if any, by all Employees against Mr. Barajas is achieved. The other provisions shall remain valid and enforceable notwithstanding any invalidity, illegality, unenforceability, or failure to enforce any provision.

**16.** **Acknowledgement.** Prior to the execution of this Agreement as provided herein, the Parties acknowledge that they have read this Agreement, or, if the Employee does not speak English, that he or she has had this Agreement translated to him or her into Spanish and has had the opportunity to consult with his or her attorneys regarding the terms and conditions herein. The Parties further acknowledge that,

voluntarily, without coercion, duress, or undue influence, they sign this Agreement or have expressly authorized and directed their counsel to execute this Agreement on their behalf, with the intent to be bound by it.

**17.**     **Entire Agreement.**  This Agreement constitutes the full agreement and entire understanding between the Parties. It supersedes any and all prior agreements or understandings between the Parties. This Agreement may be modified only by a written agreement signed by an authorized representative of the Employees and a duly authorized representative of Mr. Barajas.

**18.**     **Authorization.**  The undersigned counsel for the Employees affirms that he or she has express authority to bind the Employees and to enter into this Agreement on behalf of the Employees.

The undersigned have executed this agreement as follows:

_____
RAFAEL BARAJAS

3/24/2020
Date of Execution

_____
CAITLIN BERBERICH
On Behalf of the Employees

3/23/2020
Date of Execution

- 11 -